UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EDO GELBARD; LUKE HANNA; MICHAEL
STERNFELD; and TIM YOUNG,

                                       Plaintiffs,

                      -against-

CITY OF NEW YORK; Mayor BILL de BLASIO,
in his individual capacity; NYPD Commissioner
DERMOT SHEA, in his individual capacity; NYPD
Chief of Department TERENCE MONAHAN, in
his individual capacity; and NYPD Members of the
Service JOHN and JANE DOES #1-40, in their
individual capacities,

                                       Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE
COMPLAINT**

20 CV 3163 (MKB) (RER)


Jury Trial Demanded

         Defendants City of New York ("City"), Mayor Bill de Blasio, NYPD Police

Commissioner Dermot Shea, and NYPD Chief of Department Terence Monahan ("defendants"),

by their attorney, Georgia Pestana, Acting Corporation Counsel of the City of New York, for

their answer to the complaint, respectfully allege, upon information and belief, as follows:

         1.      Deny knowledge or information sufficient to form a belief as to the allegations set

forth in paragraph "1," except admit that protests occurred in New York City from May 2020 to

June 2020.

         2.      Deny the allegations set forth in paragraph "2" of the complaint.

         3.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "3" of the complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.[1]

5.      Deny the allegations set forth in paragraph "5" of the complaint.

6.      Deny the allegations set forth in paragraph "6" of the complaint.

7.      Deny the allegations set forth in paragraph "7" of the complaint.

8.      Deny the allegations set forth in paragraph "8" of the complaint.

9.      Deny the allegations set forth in paragraph "9" of the complaint.

10.     Deny the allegations set forth in paragraph "10" of the complaint.

11.     Deny that the allegations set forth in paragraph "11" of the complaint, and further state that they are argumentative and conclusions of law rather than averment of fact, to which no response is required.

12.     Deny the allegations set forth in paragraph "12" of the complaint, and further state that they are argumentative and conclusions of law rather than averment of fact, to which no response is required.

13.     Deny the allegations set forth in paragraph "13" of the complaint, and further state that they are argumentative and conclusions of law rather than averment of fact, to which no response is required.

---

[1] In light of plaintiffs' failure to provide defendants with HIPAA-compliant medical releases for treatment relating to plaintiffs' purported injuries, defendants must deny knowledge or information sufficient to form a belief as to the truth of many of the allegations, including those relating to plaintiffs' alleged injuries. Defendants requested plaintiffs provide the records releases approximately eight weeks ago. Plaintiffs objected to this request, and defendants referred plaintiffs to the law in this Circuit, citing the Honorable J. Paul Oetken's ruling that "[d]efendants cannot reasonably be expected to proceed without [plaintiff]'s medical releases, which they need to conduct the necessary investigation before answering the allegations in his complaint." Draeger v. City of New York, No. 17 Civ. 3059 (JPO), 2017 U.S. Dist. LEXIS 191660, at *3-4 (S.D.N.Y. Nov. 20, 2017). Plaintiffs stated that they would provide the medical releases approximately two weeks ago, but those releases have been received and so defendants have been unable to request the medical records necessary to answer the allegations relating to plaintiffs' purported injuries.

14.     Deny the allegations set forth in paragraph "14" of the complaint, and further state that they are argumentative and conclusions of law rather than averment of fact, to which no response is required.

15.     Deny the allegations set forth in paragraph "15" of the complaint, and further state that they are argumentative and conclusions of law rather than averment of fact, to which no response is required.

16.     Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

17.     Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

18.     Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

24.     Deny the allegations set forth in paragraph "24" of the complaint, except admit that defendant Bill de Blasio is the Mayor of the City of New York, whose work place is City Hall.

25.     Deny the allegations set forth in paragraph "25" of the complaint, except admit that defendant Dermot Shea is the Police Commissioner of the New York City Police Department ("NYPD") whose work place is One Police Plaza.

26.     Deny the allegations set forth in paragraph "26" of the complaint, except admit that defendant Terence Monahan is the Chief of Department of the NYPD whose work place is One Police Plaza.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint as it pertains to unidentified defendants.

28.     State that the allegations set forth in paragraph "28" of the complaint are not allegations of fact to which a response is required.

29.     State that the allegations set forth in paragraph "29" of the complaint are not allegations of fact to which a response is required.

30.     Deny the allegations set forth in paragraph "30" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

31.     Paragraph "31" is a demand for a jury trial and therefore no response is required.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint, except admit that protests occurred in New York City.

34.     Deny the allegations set forth in paragraph "34" of the complaint, except admit that protests occurred in New York City on or about May 29, 2020.

35.     Deny knowledge or information sufficient to form a belief as the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint, except admit that many of the protests occurred in downtown Brooklyn and downtown Manhattan.

37.     Deny the allegations set forth in paragraph "37" of the complaint, except admit that looting and violence occurred during the protests.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint, and respectfully refer the Court to the text of the testimony for its content and context.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the complaint, and respectfully refer the Court to the text of the article for its content and context.

77.     Deny the allegations set forth in paragraph "77" of the complaint.

78.     Deny the allegations set forth in paragraph "78" of the complaint.

79.     State that the allegations set forth in paragraph "79" of the complaint are conclusions of law rather than averment of fact, to which no response is required.

80.     Deny the allegations set forth in paragraph "80" of the complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint, and respectfully refer the Court to the text of the Patrol Guide provision for its content and context.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the complaint.

83.     Deny the allegations set forth in paragraph "83" of the complaint

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the complaint, and respectfully refer the Court to the text of the Patrol Guide provision for its content and context.

85.     Deny the allegations set forth in paragraph "85" of the complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the complaint, and respectfully refer the Court to the New York City Charter chapters for their content and context.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the complaint, and respectfully refer the Court to the New York City Charter chapter for its content and context.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the complaint, and respectfully refer the Court to the New York City Charter chapter for its content and context.

89.     Deny the allegations set forth in paragraph "89" of the complaint, except admit that Police Commissioner Shea has authority to set NYPD policy.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the complaint, and respectfully refer the Court to the news conference for its content and context.

92. Deny the allegations set forth in paragraph "92" of the complaint, except admit that Chief Monahan is the NYPD Chief of Department.

93. Deny the allegations set forth in paragraph "93" of the complaint, except admit that Chief Monahan supervises a number of NYPD commands.

94. Deny the allegations set forth in paragraph "94" of the complaint, except admit that Chief Monahan is the NYPD Chief of Department.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the complaint, and respectfully refer the Court to the press availability for its content and context.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the complaint, and respectfully refer the Court to the press availability for its content and context.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the complaint, and respectfully refer the Court to the press availability for its content and context.

106.    Deny the allegations set forth in paragraph "106" of the complaint.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the complaint, and respectfully refer the Court to the press briefing for its content and context.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the complaint, and respectfully refer the Court to the press briefing for its content and context.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the complaint, and respectfully refer the Court to the press briefing for its content and context.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the complaint, and respectfully refer the Court to the press briefing for its content and context.

111.    State that the allegations set forth in paragraph "111" of the complaint are conclusions of law rather than averment of fact, to which no response is required.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the complaint, and respectfully refer the Court to the interview for its content and context.

113.    Deny the allegations set forth in paragraph "113" of the complaint, and respectfully refer the Court to the interview for its content and context.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the complaint.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the complaint, and respectfully refer the Court to the segment for its content and context.

116.    Deny the allegations set forth in paragraph "116" of the complaint.

117.    Deny the allegations set forth in paragraph "117" of the complaint.

118.    Deny the allegations set forth in paragraph "118" of the complaint.

119.    Deny the allegations set forth in paragraph "119" of the complaint.

120.    Deny the allegations set forth in paragraph "120" of the complaint.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the complaint, and respectfully refer the Court to the litigation referenced therein.

122.    Deny the allegations set forth in paragraph "122" of the complaint.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the complaint.

124.    Deny the allegations set forth in paragraph "124" of the complaint, except admit that Chief Monahan is the NYPD Chief of Department.

125.    Deny the allegations set forth in paragraph "125" of the complaint, except admit that there was a protest took place on June 3, 2020 in downtown Brooklyn.

126.    Deny the allegations set forth in paragraph "126" of the complaint, except admit that the protest was, upon information and belief, in support of the Black Lives Matter movement.

127.    Deny the allegations set forth in paragraph "127" of the complaint, except admit that a curfew was in effect in New York City on or about June 3, 2020.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the complaint.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the complaint.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the complaint.

133.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the complaint.

134.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the complaint.

135.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the complaint.

136.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the complaint.

137.     Deny the allegations set forth in paragraph "137" of the complaint.

138.     Deny the allegations set forth in paragraph "138" of the complaint.

139.     Deny the allegations set forth in paragraph "139" of the complaint.

140.     Deny the allegations set forth in paragraph "140" of the complaint.

141.     Deny the allegations set forth in paragraph "141" of the complaint.

142.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the complaint.

143.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the complaint.

144.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the complaint, and respectfully refer the Court to the video for its content and context.

145.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the complaint, and respectfully refer the Court to the video for its content and context.

146.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the complaint.

147.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the complaint, and respectfully refer the Court to the video for its content and context.

148.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the complaint, and respectfully refer the Court to the video for its content and context.

149.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the complaint, and respectfully refer the Court to the interview for its content and context.

150.     Deny the allegations set forth in paragraph "150" of the complaint.

151.     Deny the allegations set forth in paragraph "151" of the complaint.

152.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the complaint.

153.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the complaint.

154.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the complaint.

155.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the complaint.

156.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the complaint.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the complaint.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the complaint.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the complaint.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the complaint.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the complaint.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the complaint.

166.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the complaint.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the complaint.

168.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the complaint.

169.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the complaint.

170.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the complaint.

171.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the complaint.

172.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the complaint.

173.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the complaint.

174.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the complaint.

175.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the complaint.

176.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the complaint.

177.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the complaint.

178.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the complaint.

179.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the complaint.

180.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the complaint.

181.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the complaint.

182.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the complaint.

183.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the complaint.

184.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the complaint.

185.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the complaint.

186.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "186" of the complaint.

187.     Deny the allegations set forth in paragraph "187" of the complaint.

188.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the complaint.

189.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the complaint.

190.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the complaint.

191.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the complaint.

192.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the complaint.

193.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the complaint.

194.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "194" of the complaint.

195.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the complaint.

196.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the complaint.

197.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "197" of the complaint.

198.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the complaint.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the complaint.

200.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "200" of the complaint.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the complaint.

202.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202" of the complaint.

203.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "203" of the complaint.

204.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "204" of the complaint.

205.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "205" of the complaint.

206.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "206" of the complaint.

207.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the complaint.

208.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the complaint.

209.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "209" of the complaint.

210.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "210" of the complaint.

211.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the complaint.

212.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the complaint.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the complaint.

214.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "214" of the complaint.

215.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" of the complaint.

216.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "216" of the complaint.

217.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "217" of the complaint.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "218" of the complaint.

219.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "219" of the complaint.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the complaint.

221.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "221" of the complaint.

222.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "222" of the complaint.

223.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "223" of the complaint.

224.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "224" of the complaint.

225.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "225" of the complaint.

226.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "226" of the complaint.

227.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "227" of the complaint.

228.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "228" of the complaint.

229.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "229" of the complaint.

230.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "230" of the complaint.

231.     Deny the allegations set forth in paragraph "231" of the complaint.

232.     Deny the allegations set forth in paragraph "232" of the complaint.

233.     Deny the allegations set forth in paragraph "233" of the complaint.

234.     Deny the allegations set forth in paragraph "234" of the complaint, except admit that the protests were covered by the media.

235.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "235" of the complaint, and respectfully refer the Court to Governor Cuomo's comments for their content and context.

236.    Deny the allegations set forth in paragraph "236" of the complaint, except admit that the protests were covered by the media.

237.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the complaint.

238.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "238" of the complaint, and respectfully refer the Court to the City Council hearings for their content and context.

239.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "239" of the complaint.

240.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "240" of the complaint, and respectfully refer the Court to the article or report for its content and context.

241.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "241" of the complaint.

242.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "242" of the complaint, and respectfully refer the Court to the article or report for its content and context.

243.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "243" of the complaint, and respectfully refer the Court to the article or report for its content and context.

244.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "244" of the complaint.

245.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "245" of the complaint.

246.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "246" of the complaint, and respectfully refer the Court to press briefing for its content and context.

247.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "247" of the complaint, and respectfully refer the Court to Mayor de Blasio's comments for their content and context.

248.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "248" of the complaint, and respectfully refer the Court to Mayor de Blasio's comments for their content and context.

249.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "249" of the complaint, and respectfully refer the Court to the Commissioner Shea's comments for their content and context.

250.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "250" of the complaint and its related footnote, and respectfully refer the Court to the text of the public reports for their content and context.

251.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "251" of the complaint.

252.     In response to the allegations set forth in the paragraph "252" of the complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as if fully set forth herein.

253.     Deny the allegations set forth in paragraph "253" of the complaint.

254.   Deny the allegations set forth in paragraph "254" of the complaint.

255.   Deny the allegations set forth in paragraph "255" of the complaint.

256.   Deny the allegations set forth in paragraph "256" of the complaint.

257.   State only that the allegations set forth in paragraph "257" of the complaint are conclusions of law rather than averment of fact, to which no response is required.

258.   Deny the allegations set forth in paragraph "258" of the complaint.

259.   In response to the allegations set forth in the paragraph "259" of the complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as if fully set forth herein.

260.   Deny the allegations set forth in paragraph "260" of the complaint.

261.   Deny the allegations set forth in paragraph "261" of the complaint.

262.   Deny the allegations set forth in paragraph "262" of the complaint.

263.   Deny the allegations set forth in paragraph "263" of the complaint.

264.   State only that the allegations set forth in paragraph "264" of the complaint are conclusions of law rather than averment of fact, to which no response is required.

265.   Deny the allegations set forth in paragraph "265" of the complaint.

266.   In response to the allegations set forth in the paragraph "266" of the complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as if fully set forth herein.

267.   Deny the allegations set forth in paragraph "267" of the complaint.

268.   Deny the allegations set forth in paragraph "268" of the complaint.

269.   Deny the allegations set forth in paragraph "269" of the complaint.

270.   Deny the allegations set forth in paragraph "270" of the complaint.

271.    State only that the allegations set forth in paragraph "271" of the complaint are conclusions of law rather than averment of fact, to which no response is required.

272.    Deny the allegations set forth in paragraph "272" of the complaint.

273.    In response to the allegations set forth in the paragraph "273" of the complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as if fully set forth herein.

274.    Deny the allegations set forth in paragraph "274" of the complaint.

275.    Deny the allegations set forth in paragraph "275" of the complaint.

276.    Deny the allegations set forth in paragraph "276" of the complaint.

277.    Deny the allegations set forth in paragraph "277" of the complaint.

278.    State only that the allegations set forth in paragraph "278" of the complaint are conclusions of law rather than averment of fact, to which no response is required.

279.    Deny the allegations set forth in paragraph "279" of the complaint.

280.    In response to the allegations set forth in the paragraph "280" of the complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as if fully set forth herein.

281.    Deny the allegations set forth in paragraph "281" of the complaint.

282.    Deny the allegations set forth in paragraph "282" of the complaint.

283.    State only that the allegations set forth in paragraph "283" of the complaint are conclusions of law rather than averment of fact, to which no response is required.

284.    Deny the allegations set forth in paragraph "284" of the complaint.

285.    In response to the allegations set forth in the paragraph "285" of the complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as if fully set forth herein.

286.    Deny the allegations set forth in paragraph "286" of the complaint.

287.    Deny the allegations set forth in paragraph "287" of the complaint.

288.    State only that the allegations set forth in paragraph "288" of the complaint are conclusions of law rather than averment of fact, to which no response is required.

289.    Deny the allegations set forth in paragraph "289" of the complaint.

290.    In response to the allegations set forth in the paragraph "290" of the complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this answer, as if fully set forth herein.

291.    Deny the allegations set forth in paragraph "291" of the complaint.

292.    Deny the allegations set forth in paragraph "292" of the complaint

293.    Deny the allegations set forth in paragraph "293" of the complaint.

294.    Deny the allegations set forth in paragraph "294" of the complaint.

## **FIRST AFFIRMATIVE DEFENSE:**

295.    The complaint fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE:**

296.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

## THIRD AFFIRMATIVE DEFENSE:

297.    Defendants de Blasio, Shea, and Monahan did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE:

298.    Defendants City of New York, de Blasio, Shea, and Monahan have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants City, de Blasio, Shea, and Monahan violated any act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

299.    To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## SIXTH AFFIRMATIVE DEFENSE:

300.    Punitive damages cannot be assessed against defendant City.

## SEVENTH AFFIRMATIVE DEFENSE:

301.    Plaintiffs provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE:

302.    Plaintiffs may have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE:

303.    Plaintiffs has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**WHEREFORE,** Defendants City of New York, Mayor Bill de Blasio, NYPD Commissioner Dermot Shea, and NYPD Chief of Department Terence Monahan request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              November 4, 2020

                                        GEORGIA PESTANA
                                        Acting Corporation Counsel
                                            of the City of New York
                                         *Attorney for Defendants City, de Blasio,*
                                             *Shea, and Monahan*
                                        100 Church Street, Rm. 3-186
                                        New York, New York 10007
                                        (212) 356-2663
                                        kareilly@law.nyc.gov

                              By:        _____
                                        KATHLEEN D. REILLY
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division

cc:     **BY ECF**
        Doug Lieb, Esq., *Attorney for Plaintiffs*
        David Lebowitz, Esq., *Attorney for Plaintiffs*

Docket No. 20 CV 3163 (MKB) (RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDO GELBARD; LUKE HANNA; MICHAEL
STERNFELD; and TIM YOUNG ,

                                        Plaintiffs,

                      -against-

CITY OF NEW YORK; MAYOR BILL DE BLASIO,
IN HIS INDIVIDUAL CAPACITY; NYPD
COMMISSIONER DERMOT SHEA, IN HIS
INDIVIDUAL CAPACITY; NYPD CHIEF OF
DEPARTMENT TERENCE MONAHAN, IN HIS
INDIVIDUAL CAPACITY; AND NYPD MEMBERS
OF THE SERVICE JOHN AND JANE DOES #1-40, IN
THEIR INDIVIDUAL CAPACITIES,

                                        Defendants.

## ANSWER TO THE COMPLAINT

**GEORGIA PESTANA**
Acting Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, de Blasio,
Shea, and Monahan
100 Church Street
New York, New York 10007*

Of Counsel: Kathleen D. Reilly
Tel: (212) 356-2663

*Due and timely service is hereby admitted.*

*New York, New York.* ............................................, *2020*

................................................................. *Esq.*

*Attorney for* ....................................................................

- 30 -