

GEORGIA PESTANA
*Acting Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

KATHLEEN D. REILLY
*Assistant Corporation Counsel*
Phone: (212) 356-2663
Fax: (212) 356-3558
Email: kareilly@law.nyc.gov

March 23, 2021

**BY ECF**
Honorable Margo K. Brodie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Edo Gelbard, et al. v. City of New York, et al.</u>
      20 CV 3163 (MKB) (RER)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Georgia Pestana, Acting Corporation Counsel of the City of New York, and the attorney for defendants City of New York ("City"), Mayor Bill de Blasio, New York City Police Department ("NYPD") Police Commissioner Dermot Shea, and NYPD Chief of Department Terence Monahan ("defendants") in the above-referenced matter. Pursuant to § III(A) of Your Honor's Individual Rules, defendants write to respectfully request a pre-motion conference in advance of defendants' anticipated partial motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c).

## Relevant Facts and Procedural Background

  By way of background, plaintiffs Edo Gelbard, Luke Hanna, Michael Sternfeld, and Tim Young ("plaintiffs") bring this action, pursuant to 42 U.S.C. § 1983, alleging claims of, *inter alia*, excessive force, First Amendment retaliation, failure to intervene, supervisory liability, and municipal liability in connection with an incident that purportedly occurred on or about June 3, 2020. In addition to the City of New York, plaintiffs also name Mayor Bill de Blasio, NYPD Commissioner Dermot Shea, and NYPD Chief of Department Terence Monahan as defendants.

## Plaintiffs' Supervisory Liability Claims are Ripe for Dismissal

  In <u>Ashcroft v. Iqbal</u>, the Supreme Court held that courts may not apply a special rule for supervisory liability; rather, a plaintiff must directly plead and prove that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. 662, 676 (2009). This decision called the supervisory liability test—previously articulated by the Second Circuit in <u>Colon v. Coughlin</u>, 58 F.3d 865 (2d Cir. 1995)—into question. <u>Iqbal</u>, 556 U.S. at 676. In the years that followed, the Second Circuit did not clarify whether or to what extent the <u>Colon</u> standards continued to apply. <u>See</u> <u>Lombardo v.</u>

Graham, 807 F. App'x 120, 124 n.1 (2d Cir. 2020) (summary order) (noting that "Iqbal may have heightened the requirements for supervisory liability" but declining to decide the issue); Raspardo v. Carlone, 770 F.3d 97, 117 (2d Cir. 2014) (declining to decide the fate of Colon's supervisory liability test because the defendant was not liable under any of the Colon categories); Reynolds v. Barrett, 685 F.3d 193, 205 n.14 (2d Cir. 2012) ("Iqbal has . . . engendered conflict within our Circuit about the continuing vitality of the supervisory liability test set forth in Colon.").

In Tangreti v. Bachmann, the Second Circuit now puts this issue to rest. 983 F.3d 609 (2d Cir. 2020). Here, the Circuit "join[s] [the 7th, 8th, 9th, 10th and 11th] circuits in holding that after Iqbal, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Id. at 612 (quoting Iqbal, 556 U.S. at 67.). "'The factors necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue' because the elements of different constitutional violations vary. The violation must be established against the supervisory official directly." Id. at 618. A plaintiff must show that the supervisor violated the Constitution by their "own conduct, not by reason of [the defendant's] supervision of others who committed the violation." Id. at 619; see Holden v. Port Auth. of N.Y. & N.J., No. 17 Civ. 2192 (JGK), 2021 U.S. Dist. LEXIS 32594, at *46 (S.D.N.Y. Feb. 22, 2021); see also Tirado v. City of New York, No. 19 Civ. 10377 (LAK)(SN), 2021 U.S. Dist. LEXIS 14406, at *18 (S.D.N.Y. Jan. 25, 2021) (recommending dismissal because the plaintiff did not show how the supervisors violated his rights); LeClair v. Raymond, No. 19-CV-0028 (BKS)(DJS), 2021 U.S. Dist. LEXIS 5465, at *23 (N.D.N.Y. Jan. 12, 2021) (explaining that Tangreti "essentially eliminated supervisory liability"); Atkinson v. Okocha, No. 20 CV 4497(JS)(ST), 2021 U.S. Dist. LEXIS 1635, at *9 (E.D.N.Y. Jan. 5, 2021) ("[T]o the extent [p]laintiff seeks to impose liability solely based on the supervisory positions [d]efendants hold, those claims are similarly [dismissed].").

Simply put, to hold a state official liable under §1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability. Tangreti, 983 F.3d at *618. Here, plaintiffs have not pled the element of any underlying constitutional violation—including their claims for excessive force or First Amendment violations—directly against any supervisory official. (See generally Am. Compl.) Plaintiffs allege only "personal supervisory involvement," which is no longer sufficient to allege a constitutional violation. As such, these claims fail as a matter of law.

**Conclusion**

In sum, plaintiffs' claim for supervisory liability is ripe for dismissal. Accordingly, defendants respectfully request that the Court grant defendants a pre-motion conference in anticipation of their partial motion for judgment on the pleadings for plaintiff's supervisory liability claims.

Defendants thank the Court for its time and consideration in this matter.

Respectfully submitted,

*Kathleen D. Reilly*

Kathleen D. Reilly
Assistant Corporation Counsel

- 3 -

cc: **By ECF**:
David Lebowitz, Esq., *Attorney for Plaintiff*
Douglas Lieb, Esq., *Attorney for Plaintiff*