**Kaufman Lieb Lebowitz & Frick**
*attorneys at law*

(212) 660-2332
10 E. 40th St., Suite 3307
New York, NY 10016
www.kllf-law.com

May 28, 2021

**By ECF**

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York

      Re:    *Gelbard et al. v. City of New York et al.*, No. 1:20-CV-3163-MKB-RER

Your Honor:

      We represent Plaintiffs in this action, which concerns the NYPD's response to a demonstration at Cadman Plaza in Brooklyn on June 3, 2020 (the "Protest") in the wake of George Floyd's murder. We write to provide a report on the status of document discovery as directed by the Court during the May 13, 2021 tele phone conference.

## Plaintiffs' Position

      As counsel detailed during the May 13 conference, Plaintiffs served their principal requests for paper discovery on December 21, 2020—over five months ago. Despite multiple meet-and-confer sessions and extensive exchange of correspondence, Defendants have produced virtually no responsive materials to date.

      Pursuant to the Court's direction at the May 13 conference, the parties have conferred and divided the outstanding document requests currently at issue[1] into the following two categories.

**I.**    **Category One: Documents that Defendants have agreed to produce but have not yet produced.**

      Defendants have agreed that certain documents will be produced, but the parties disagree about the appropriate timeframe for production. Given the egregious and prejudicial delay that Defendants have already caused, **Plaintiffs respectfully request that the Court order Defendants to produce these documents by June 25, 2021.** Defendants have agreed to produce "most of the files related to" investigations conducted by the Attorney General ("NYAG") and New York City

---

[1] The parties have also identified the requests for which Defendants represent that all responsive documents have already been produced, those for which Defendants represent that no responsive documents exist, and those for which Defendants categorically object to production. Because those requests are not currently before the Court, they are not listed here. Plaintiffs reserve the right to seek to compel production of any documents that Defendants are withholding on the basis of their objections if and when any such disputes become ripe for Court intervention.

Alanna Kaufman*  •  Douglas E. Lieb‡  •  David A. Lebowitz  •  Alison Frick*

*Also admitted to practice in New Jersey  ‡Also admitted to practice in California

Department of Investigation ("DOI") by June 25, but will not agree to complete the balance of their production until August 27—over nine months after Plaintiffs' requests.

The materials in this category[2] are listed below, along with Plaintiffs's response to Defendants' position where appropriate.

- Documents concerning investigations of the NYPD's policing of the George Floyd protests, including (without limitation) documents reviewed by DOI and NYAG.
    - Defendants have represented that they are "still determining the best manner to review and produce these files," which is the substantially the same position they took in emails to Plaintiffs in late April and before the Court on May 13. They have further stated that their eventual production will be "limited to the DOI and AG investigations," without explaining their apparent refusal to produce documents concerning other investigations. For example, the Office of the Corporation Counsel conducted its own such investigation, and the Civilian Complaint Review Board—a city agency—investigated civilian complaints about the NYPD's protest response. Contrary to Defendants' suggestion, Plaintiffs requested all such materials in December and have never withdrawn that request. In response to Plaintiffs' inquiries, defense counsel stated in an email today that "[i]t is not proportional to the needs of the case for us to request every single CCRB file made in connection with [the] June 3 protest" and review all materials submitted in connection with such complaints, including videos of the protest and the police response. Plaintiffs strongly disagree. The substance of police misconduct complaints made to a City agency **about the very incident at issue in this case**, including videos and other supporting evidence, are indisputably relevant and discoverable, particularly in light of Plaintiffs' *Monell* claim. Plaintiffs ask that all such materials be produced by June 25.

- "Aided" forms, Use of Force reports, and Threat, Resistance or Injury (TRI) Worksheets concerning the Protest.
    - Defendants have agreed to produce "aided" and TRI documents "within two weeks of an unsealing order being issued by the court," but have not identified any such materials they believe are sealed, explained why they believe this, or drafted or proposed any unsealing order. Rather, they have stated only that such an order is being prepared for use in the consolidated S.D.N.Y. cases and will be provided when it is ready. Plaintiffs request that the Court require Defendants to produce these documents by June 25 and direct them to submit any proposed unsealing order immediately.

---

[2] These shorthand characterizations of Plaintiffs' requests are abbreviated for ease of reference only. Nothing in this letter is intended to limit or alter the scope of Plaintiffs' requests.

- Line of Duty Injury Reports and related officer statements about the Protest.
    - Defendants refuse to agree to a date for production of these documents because counsel requires "consent" from individual officers to produce them. But these documents are in the City's possession, and they are clearly relevant given Defendants' numerous public statements that the NYPD police response to the George Floyd protests was justified by officer injuries. The City is not a covered entity under HIPAA, and any sensitive medical information can be marked confidential. Counsel has not identified any applicable privilege that would allow Defendants to withhold these materials pending their employees' consent to disclosure.

- Recordings and transcripts of 911 calls and radio runs concerning the Protest.

- Statements from Defendants or the NYPD to the press concerning the NYPD's response to the George Floyd Protests.

- Communications among Defendants Shea, Monahan, and De Blasio, or between them and third parties, concerning the George Floyd protests.
    - Defendants have stated that they agree to produce these materials "only to the extent that the same is produced in the consolidated cases," but have not explained if or why they believe any responsive documents would not be fully subject to disclosure in this case.

- Documents concerning the practices of the NYPD's Strategic Response Group (SRG) and any SRG deployment in response to George Floyd protests.

II. **Category Two: Documents that the Law Department has not yet obtained or reviewed.**

Since counsel first met and conferred about outstanding discovery two months ago, Defendants have repeatedly informed Plaintiffs that these documents (described below) are the subject of ongoing records searches by defense counsel but that the Law Department has not yet obtained, let alone reviewed, any of them. Notwithstanding the Court's May 13 directive, Defendants informed Plaintiffs this week that they "cannot comment on whether and when [they] will produce documents that [they] do not have." Plaintiffs respectfully suggest that these materials should have been collected and reviewed for privilege long ago. More to the point, under Rule 34(b)(2), Defendants are required to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request" and to inform Plaintiffs whether documents will be withheld on the basis of those objections. Putting aside privilege and responsiveness determinations as to particular documents, there is no reason Defendants cannot provide definitive categorical responses to document requests that were served five months ago.

Accordingly, **Plaintiffs respectfully request that the Court order Defendants to supplement their discovery responses by June 11, 2021 to clarify which materials will be produced and which (if any) will be withheld on the basis of any objections. Plaintiffs further request that the Court require Defendants to substantially complete production of any responsive materials by July 16, 2021.** The materials in this category are listed below:

- Documents related to requests to record or photograph the George Floyd protests under NYPD Patrol Guide procedure 212-71.

- Reports to the NYPD's Intelligence Section concerning the George Floyd protests.

- Investigative statements or reports under NYPD Patrol Guide procedure 212-72 concerning the George Floyd protests.

- Reports, memos, emails, text messages, logs, complaints, and statements generated by NYPD officers concerning the Protest.

- Communications with the *Handschu* Committee concerning the George Floyd protests.

- Disciplinary and personnel records for officers involving in policing the Protest.
    - Defendants have agreed to produce such records only for any John Doe officers who are ultimately identified and named as defendants. Plaintiffs believe that any records of discipline or personnel action requested, considered, or imposed as a result of events that occurred at the Protest or other George Floyd demonstrations should be produced.

### III.   Schedule for Remaining Discovery

Given Defendants' egregious failures to comply with their discovery obligations to date, Plaintiffs have reluctantly concluded that considerable additional time will be needed to complete discovery in this relatively complex case. In light of Plaintiffs' proposed schedule for outstanding document production set forth above, Plaintiffs propose that the Court extend the deadline for completion of all discovery from June 30, 2021 to October 29, 2021.

## Defendants' Position

As an initial matter, at the May 13, 2021 Status Conference, the Court ordered the parties to file a status report "memorializing the dates in which the parties have agreed to produce the discovery documents; in addition, filing a motion for extension of time to complete discovery with a revised discovery schedule." (See Minute Entry Order.) Defendants' position is that the Court did not ask the parties to raise discovery disputes within the instant status report, with the exception of any disagreements about the timing of the production of documents. Pursuant to the Court's May 13, 2021 Order, defendants agreed to produce the following documents, and respectfully request to produce them by the following dates:

| Document | Date |
| --- | --- |
| The files NYPD provided to the New York City Department of Investigation and New York State Attorney's General Office (collectively, the "AG/DOI Files") | June 25, 2021 and August 27, 2021, as explained below |
| Threat, Resistance, Injury ("TRI") reports | June 25, 2021 |
| Aided Reports for injured civilians | June 25, 2020 |
| Line of Duty reports for members of service injured during the Protest at Cadman Plaza on June 3, 2020 | Rolling basis but by no later than June 25, 2021, as explained below |
| Audio recordings of radio runs and 911 calls and Sprint reports concerning the Protest on June 3, 2020 | June 25, 2021 |
| Press statements by the Office of Deputy Commissioner Public Information ("DCPI") concerning NYPD response to George Floyd Protests | June 25, 2021 |
| Communications among Shea/Monahan/De Blasio concerning George Floyd protests, consistent with the production of same in *In Re: New York City Policing During Summer 2020 Demonstrations* | TBD, as explained below |
| Communications between Shea/Monahan/De Blasio and third parties concerning George Floyd protests, consistent with the production of same in *In Re: New York City Policing During Summer 2020 Demonstrations* | TBD, as explained below |
| Documents relating to the deployment of Strategic Response Group ("SRG") personnel at protest at Cadman Plaza on June 3, 2020 | June 25, 2021 |
| Strategic Response Group Guide and the Field Force Operation Modules referenced in the April 7, 2021 article by the Intercept identified by plaintiffs in their discovery demand | June 25, 2021 |
| Documents relating to SRG operating procedures and crowd management techniques | August 27, 2021 |

With respect to the AG/DOI Files, defendants can produce the vast majority of documents contained therein by June 25, 2021. However, as defense counsel explained at the May 13 conference, the AG/DOI Files contain approximately 56,000 documents. Of those 56,000 documents, defendants have determined that there are approximately 6,000 that require

closer review for privilege before they can be produced. Defendants believe and respectfully propose that three months is a reasonable time to complete this review and production.

In addition, there are documents in the AG/DOI Files that might otherwise be protected from disclosure by New York Criminal Procedure Law ("CPL") §§ 160.50 and/or 160.55 because they concern the stops and/or arrests and/or prosecutions of non-party individuals who were involved in or witnesses to the protests at issue. Defendants informed plaintiffs' counsels, who are also counsel to one of the plaintiffs in the consolidated cases pending in the Southern District of New York, that the parties are preparing a suitable unsealing order to be able to produce the records in that litigation. As a courtesy to plaintiffs, defendants are preparing a suitable unsealing order for this litigation and will provide it to plaintiffs once it is ready. This order needs to be in place before defendants can produce the other 50,000 documents from these files without unnecessary review and/or delay.

With respect to the Line of Duty reports, defendants' position is that these records contain confidential medical information for non-party officers, and therefore, the City should be able to determine which officers will consent to these forms being used in this litigation and which officers oppose. Defendants offered to produce these files on a rolling basis as individual officers provided consent, but in any event by June 25, 2021.

Regarding the audio recordings of the radio runs and 911 calls and Sprint Reports made during the June 3, 2020 Protest, there has been some difficulties in obtaining same. Because of the duration and the distance covered by the protest, it has been difficult to narrow down the precincts, the radio channels, and the times during which relevant 911 calls and radio runs were made. While NYPD has informed us that they have preserved all of these recordings, defendants have not yet obtained responsive materials. Defendants remain willing to produce responsive materials upon receipt, but in any event by June 25, 2021.

In regards to the communications amongst the named defendants to this action, defendants are willing produce the same documents that are produced in the consolidated cases in the Southern District for the sake of efficiency by avoiding duplication of effort and expense. Defendants are unable to provide a date certain of production because this effort in the consolidated cases is still ongoing.

With respect to the "Second Category" of documents that plaintiffs raised, defendants decline to respond to each and every argument raised herein by plaintiffs because it is beyond the scope of the Court's May 13, 2021 Order and more properly suited to a separate discovery dispute letter. In any event, defendants' position is that there is no dispute since defendants are not refusing to provide the materials requested; rather, because we have not seen any responsive materials we cannot opine on whether and when production will be complete. To the extent, that the Court is considering this letter as a motion to compel, defendants respectfully request that they be permitted to respond in more detail on or before June 4, 2021.

In response to plaintiffs' proposed deadline to complete all discovery by October 29, 2021, defendants disagree with plaintiffs' characterization of the delay in discovery in what plaintiffs admit is a "relatively complex" case. In any event, and even with defendants' proposed deadline of completing paper discovery by August 27, 2021, defendants concur that all discovery can be completed by October 29, 2021.

       Finally, the parties have reached a "claw back" agreement and respectfully submit the enclosed proposed order for Your Honor's endorsement, pursuant to Rule 502(d) of the Federal Rules of Civil Procedure.

*     *     *

       The parties thank the Court for its attention to this case.

Sincerely yours,

/s/

David A. Lebowitz
Douglas E. Lieb
Alison Frick

c.      All counsel of record (by ECF)