**Kaufman
Lieb
Lebowitz &
Frick**

attorneys at law

(212) 660-2332
10 E. 40th St., Suite 3307
New York, NY 10016
www.kllf-law.com

June 29, 2021

**By ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York

Re:     *Gelbard et al. v. City of New York et al.*, No. 1:20-CV-3163-MKB-RER

Your Honor:

We write on behalf of Plaintiffs to inform the Court before tomorrow's status conference of Defendants' continued and increasingly brazen noncompliance with their discovery obligations. This *Monell* case challenging the City's policy of assaulting peaceful anti-police-brutality protesters has been pending for nearly a year. Plaintiffs' principal requests for paper discovery were served more than seven months ago. Discovery was supposed to close tomorrow. **<u>Defendants have not produced a single piece of paper from the New York City Police Department</u>**.

Most recently, Defendants represented in writing to the Court that they would produce a large volume of responsive materials by June 25, 2021. *See* ECF No. 28 at 5. June 25 came and went. Defendants produced nothing and said nothing. Now Defendants say they have nothing to produce but are "hopeful" they *may* be able to produce responsive materials by *late August*. *See* Ex. A. The Court should not countenance this obstruction. It is now clear beyond any doubt that the NYPD will not honor a production deadline unless the Court forces it to do so. At tomorrow's conference, Plaintiffs will ask the Court to order Defendants to produce by **July 9, 2021** all materials that they previously committed to produce by June 25, 2021 and to complete all remaining production by **August 27, 2021**, or face specific, clearly delineated sanctions that shall be imposed absent full compliance.

## I.      Plaintiffs Diligently Pursue Paper Discovery; Defendants Obstruct

Plaintiffs' principal requests for paper discovery were served on December 21, 2020. After Plaintiffs agreed to an extension to accommodate defense counsel's vacation schedule, Defendants provided boilerplate written responses on February 5, 2021. Defendants did not produce documents but agreed to do so within 45 days.

Defendants had still produced no documents by March 22, 2021, when counsel for Plaintiffs sought clarity about Defendants' position in the wake of the Court's March 9 ruling denying Defendants' request to bifurcate *Monell* discovery. During that meet-and-confer, defense counsel agreed to provide a written update to Defendants' discovery responses to clarify which documents were being withheld on the basis of continuing objections and which were being collected for review and production.

Alanna Kaufman*   •   Douglas E. Lieb‡   •   David A. Lebowitz   •   Alison Frick*

*Also admitted to practice in New Jersey  ‡Also admitted to practice in California

On April 2, 2021, Defendants produced two documents totaling four pages, neither from the NYPD. Accompanying that production, Defendants provided a letter stating, in essence, that the New York City Law Department had *not yet obtained* from the NYPD any meaningful quantity of documents responsive to Plaintiffs' requests. Rather, Defendants were still continuing to search for basic, indisputably relevant documents such as records of internal investigations concerning the George Floyd protests and incident and injury reports from the night of June 3, 2020.

The parties met and conferred again on April 12, 2021. On that occasion, Defendants agreed to produce by May 3, 2021, all body-worn camera ("BWC") footage of the June 3 protest as well as copies of all documents the NYPD had provided to the New York Attorney General's Office ("NYAG") and the New York City Department of Investigation ("DOI") in connection with their respective probes of the George Floyd protests. While Defendants produced some BWC footage—without metadata or identifying information about the officers who recorded it—they did not produce the DOI and NYAG documents by the agreed-upon May 3 deadline.

Plaintiffs requested the Court's intervention. At a May 13, 2021 status conference, Judge Reyes ordered the parties to confer about a date certain for complete production and either jointly propose a date certain or set forth separate proposals in a joint letter due May 28. After initially informing Plaintiffs they would not comply with Judge Reyes's directive, Defendants indicated for the first time on the afternoon the letter was due that they would produce many of the relevant materials by June 25, 2021. While that date was later than Plaintiffs would have preferred, Plaintiffs relied upon and accepted Defendants' representation rather than seek an earlier date from the Court. ECF No. 28 at 5. Plaintiffs followed up after receiving neither production nor an acknowledgment of the blown deadline on June 25. Defendants' counsel responded that he was "still hopeful that we will be able to produce the entire file" by late August. Ex. A.

Plaintiffs have produced all responsive, nonprivileged documents in their possession, custody, or control, including text messages, medical records, photographs, videos, and testimony, totaling about 1,000 pages.

## II.   The Court Should Order Substantial Production by July 9 on Pain of Specific Sanctions that Shall Be Imposed Absent Full Compliance

Defendants have now moved the goalposts for meaningful document production in this case at least four times: from March 22 (45 days from their written responses), to May 3, to June 25 (a written representation to the Court), and now to "hopeful[ly]" the end of August. This unilateral choice to simply not participate in document discovery— which appears to be at least principally the fault of the NYPD—cries out for sanctions absent an immediate course correction.[1]

---

[1]     In later-filed consolidated proceedings addressing similar issues in the Southern District of New York, the Court has put the City on notice of the possibility of sanctions for similar document production issues. *See* Transcript of June 24, 2021 Proceedings at 25, ECF No. 176, *In re New York City Policing*

Rule 37 expressly authorizes sanctions against parties who fail to produce documents and/or comply with discovery orders. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv), (b)(2)(A). Prejudice to Plaintiffs is not required, as sanctions also serve the purpose of specific and general deterrence against discovery misconduct. *See, e.g.*, *S. New England Tel. Co. v Global NAPs Inc.*, 624 F.3d 123, 148-49 (2d Cir. 2010) ("[I]f parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil judges in day-to-day supervision of discovery . . . ."). Here, however, the prejudice has been substantial, as Plaintiffs have been prevented from making any meaningful progress in this case—which also addresses a matter of real public importance—in the full year since filing it.[2]

Plaintiffs' ultimate goal is to get the responsive documents, prove their claims, and vindicate their constitutional rights. To that end, the Court should order Defendants to (i) produce by **July 9, 2021** all documents they previously committed to produce by June 25, 2021; and (ii) produce all remaining documents by **August 27, 2021**. The Court should further order that specific, clearly delineated sanctions *shall* be imposed against the City of New York absent full compliance with these deadlines. Appropriate sanctions include (i) preclusion of the City's defense that it did not have an unconstitutional municipal policy or custom, Fed. R. Civ. P. 37(b)(2)(A)(ii), *Sentry Ins. a Mutual Co. v. Weber*, 720 F. App'x 639, 640 (2d Cir. 2017); and/or or (ii) payment of Plaintiffs' reasonable attorneys' fees incurred in repeatedly seeking Court intervention to get the City to comply with its obligations, *see* Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C).

---

*During Summer 2020 Demonstrations*, No. 20-CV-8924 (S.D.N.Y.) ("I just want to remind you again that the City is at risk of preclusion or other sanctions if it hasn't done the staffing necessary to meet the deadlines on the case. You understand that, [defense counsel]?"); Nick Pinto, *Judge Threatens NYPD Lawyers with Sanctions for Foot-Dragging in George Floyd Protest Case*, The Intercept, June 26, 2021, https://theintercept.com/2021/06/26/nypd-abuse-george-floyd-court.

[2]     The recent hack of the New York City Law Department offers no excuse for Defendants' noncompliance. First, as set forth in detail above, the noncompliance and excuse-making began long before the hack. Second, according to public reports, the Law Department's systems were disabled for less than a week. *See, e.g.*, Shant Shahrigian & Stephen Rex Brown, *NYC Law Department Begins Restoring Email Following Hack*, N.Y. Daily News, June 11, 2021, available at https://www.nydailynews .com/new-york/ny-law-department-email-hack-20210611-5r64zzbpp5hnpijlypg46hbnuy-story.html. Plaintiffs' proposed July 9 deadline builds in a two-week cushion from the deadline to which Defendants previously committed to accommodate any delay fairly attributable to the hack. Third, the hack was "enabled by the Law Department's failure to implement a basic safeguard, known as multifactor authentication, more than two years after the City began requiring it." Ashley Southall et al., *This Agency's Computers Hold Secrets. Hackers Got in With One Password*, N.Y. Times, June 18, 2021, https://www.nytimes.com/2021/06/18/nyregion/nyc-law-department-hack.html. The City cannot invoke its own agency's negligence to absolve itself of its obligations to the Court and opposing litigants.

Kaufman Lieb Lebowitz & Frick                                      June 29, 2021
Page 4 of 4

Respectfully submitted,

/s/

David A. Lebowitz
Douglas E. Lieb
Alison Frick

c.      All counsel of record (by ECF)