Clerk's Office
Filed Date: 12/1/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

EDO GELBARD; LUKE HANNA; MICHAEL STERNFELD; and TIM YOUNG,

                              Plaintiffs,

      -against-

CITY OF NEW YORK; Mayor BILL de BLASIO, in his individual capacity; NYPD Commissioner DERMOT SHEA, in his individual capacity; NYPD Chief of Department TERENCE MONAHAN, in his individual capacity; and NYPD Members of the Service JOHN and JANE DOES #1-40, in their individual capacities,,

                              Defendants.

---------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

20 CV 3163 (MKB) (TAM)

        **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about July 15, 2020, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

        **WHEREAS,** defendants City of New York, Mayor Bill de Blasio, NYPD Commissioner Dermot Shea, and NYPD Chief of Department Terence Monahan have denied any and all liability arising out of plaintiffs' allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below:

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Edo Gelbard the sum of Forty Thousand ($40,000.00) Dollars; plaintiff Luke Hanna the sum of Eighty-Five Thousand ($85,000.00) Dollars; plaintiff Tim Young the sum of Fifty Thousand ($50,000.00) Dollars and plaintiff Michael Sternfeld the sum of Twenty-Five Thousand ($25,000.00) Dollars, plus Eighty Thousand ($80,000.00) Dollars for reasonable attorneys' fees, expenses, and costs incurred by plaintiffs' counsel KAUFMAN LIEB LEBOWITZ & FRICK LLP, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiffs agree to dismissal of all the claims against the defendants and to release defendants City of New York, Mayor de Blasio, NYPD Commissioner Shea and NYPD Chief of Department Monahan; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights and any and all related state law claims, from the beginning of the world to the date of the General Releases, including claims for costs, expenses, and attorneys' fees.

3. Plaintiffs each shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" above, IRS Form W-9, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-

recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiffs agree to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

7. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
November 30, 2021

KAUFMAN LIEB LEBOWITZ & FRICK LLP
*Attorneys for Plaintiffs*
10 E. 40th Street, Suite 3307
New York, New York 10016
212-660-2332

By: _____
David Lebowitz
*Attorney for Plaintiffs*

GEORGIA M. PESTANA
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York, de Blasio, Shea, and Monahan*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
Brian Francolla
*Senior Counsel*

S/Margo K. Brodie
12/1/2021